

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE KATIROLL COMPANY INC.,

              Plaintiff,

    v.

KATI JUNCTION INC., JOHN DOE #1, MD
AKHTER HOSSAIN, MD JEWEL HOSSAIN,
MD KAMAL HOSSAIN, MD TARIQUL ISLAM,
MD NUR NOBI, SHAIKH NUHUL ALAM and
NURUN NABI CHOWDHURY,

              Defendants.

14 Civ. _____

ECF Case

**Complaint and Jury Demand**

## The Parties, Jurisdiction and Venue

1.     Plaintiff, The KatiRoll Company Inc. (also referred to herein as "TKRC"), is a New York corporation having a principal place of business at 222 West 37th Street, 14th Floor, New York, NY 10018.

2.     Defendant Kati Junction Inc. is a New York corporation which represented its address to the New York Department of State as 558 Seventh Avenue, New York, NY 10018.

3.     Upon information and belief, Kati Junction Inc. opened a take-out style restaurant called KATI JUNCTION at 200 West 40th Street, New York, NY 10018 in February 2014.

4.     Upon information and belief, John Doe #1 is an individual who directs the activities of Kati Junction Inc.

5.    Upon information and belief, Mohamed Akhter Hossain is an individual residing at 3725 81st St Apt 5C, Jackson Heights, NY 11372 and working for Kati Junction Inc. at 200 West 40th Street, New York, NY 10018.

6.    Upon information and belief, Mohamed Jewel Hossain is an individual residing at 49-15 Skillman Avenue Apt 1J, Woodside. NY, 11377 and working for Kati Junction Inc. at 200 West 40th Street, New York, NY 10018.

7.    Upon information and belief, Mohamed Kamal Hossain is an individual residing at 3725 81st St Apt 5C, Jackson Heights, NY 11372 and working for Kati Junction Inc. at 200 West 40th Street, New York, NY 10018.

8.    Upon information and belief, Mohamed Tariqul Islam is an individual residing at 23-13 Steinway Apt 3R, Astoria, NY 11105 and working for Kati Junction Inc. at 200 West 40th Street, New York, NY 10018.

9.    Upon information and belief, Mohamed Nur Nobi is an individual residing at 4138 71st St 1Fl, Woodside, NY 11377 and working for Kati Junction Inc. at 200 West 40th Street, New York, NY 10018.

10.    Upon information and belief, Shaikh Nuhul Alam is an individual residing at 37-19 59th Street Apt 1A, Woodside, NY 11377 and working for Kati Junction Inc. at 200 West 40th Street, New York, NY 10018.

11.    Upon information and belief, Nurun Nabi Chowdhury is an individual residing at 41-26 73rd St Apt C-12, Woodside, NY 11377 and working for Kati Junction Inc. at 200 West 40th Street, New York, NY 10018.

12.    This is an action for service mark infringement, trade dress infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and New York General Business Law §§ 133 and 360 and New

York common law and breach of duty of loyalty and contractual agreements pursuant to New York General Business Law §§ 133, 349 and 360 and common law and misappropriation of trade secret and/or confidential and proprietary information.

13.     Jurisdiction is conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

14.     Venue is proper in this judicial district under 28 U.S.C. § 1391.

## Service Mark, Trade Dress and Unfair Competition

15.     Plaintiff is the owner of United States Registration No. 3,352,040 for the service mark, THE KATI ROLL COMPANY®, for restaurant and carry-out restaurant services in Class 43.  That registration is incontestable under 15 U.S.C. §1065.  A true and correct copy United States Registration No. 3,352,040 and the acknowledgement of incontestability by the United States Patent and Trademark Office are attached hereto as Exhibit 1.

16.     TKRC opened its first restaurant at 99 MacDougal Street in Manhattan in June 2002.  TKRC currently operates an international chain of four restaurants, three in Manhattan and one in London, England.  TKRC operates a restaurant in Manhattan at 49 West 39th Street near the corner of 6th Avenue.

17.     Kati Junction is located at 200 West 40th Street, near the corner of 7th Avenue, approximately 3 blocks away from THE KATI ROLL COMPANY® restaurant.

18.     Kati Junction offers restaurant and carry-out restaurant services under the name KATI JUNCTION.

19.     All TKRC restaurants use orange and white signage.  Each restaurant has an orange awning with The Kati Roll Company® word mark in white lettering and an orange banner with The Kati Roll Company® word mark in white lettering.  Below is a recent photo of TKRC's 39th Street restaurant:



20.     Kati Junction Inc.'s restaurant uses orange and white signage with the words, Kati Junction.  Below is a photo of the Kati Junction restaurant which a reviewer posted on the Midtown Lunch blog:



21.    The Kati Roll Company® restaurants primarily sell their own unique style of Indian food, using flatbreads (paratha or whole wheat roti) prepared on a griddle and then wrapped around one or more of their specially seasoned fillings such as kebab meats, eggs, cheese, vegetables and potato.

22.    Defendants Kati Junction Inc. and John Doe #1 copied THE KATI ROLL COMPANY® menu nearly word for word for their KATI JUNCTION restaurant, including the names of the menu items and the descriptions of those items.  Kati Junction duplicated all 13 rolls The Kati Roll Company® sells.  Kati Junction sells all the same menu items as The Kati Roll Company® restaurants and does not offer any kati rolls that it did not copy from The Kati Roll Company®.  Below are the two menus:



Figure 2

Figure 1

Figure 1 above is a copy of The Kati Roll Company® menu.  Figure 2 above is a photo of the Kati Junction menu.

23.     The layout of each The Kati Roll Company® restaurant features an open glass front with windows unobstructed by curtains or other coverings, limited seating in front with the counter further back and an open kitchen plan. The Kati Roll Company® restaurants are generally small and geared to take-out business.

24.     The layout of the Kati Junction restaurant features an open glass front with windows unobstructed by curtains or other coverings, limited seating in front with the counter further back and an open kitchen plan.  The Kati Junction restaurant is small and geared to take-out business.

25.     THE KATI ROLL COMPANY® restaurants feature an open kitchen so part of the customer experience is seeing the food made fresh to order.

26.     The Kati Junction restaurant features an open kitchen so part of the customer experience is seeing the food made fresh to order.

27.     Upon information and belief, Kati Junction hired seven TKRC employees.  Thus The Kati Roll Company® customers see the same people preparing their food at Kati Junction.

28.     The Kati Roll Company® employees wear a uniform consisting of T-shirts with THE KATI ROLL COMPANY® mark, a hat and an apron. THE KATI ROLL COMPANY® name and design trademarks appear on the back of the T-shirt, so they are not obstructed by the apron.

29.     Kati Junction employees wear a uniform consisting of a T-shirt with the Kati Junction orange and white design, a hat and an apron.  The Kati Junction orange and white name and orange design appear on the back of the T-shirt.

30.     Since the first restaurant opened in 2002, THE KATI ROLL COMPANY® restaurants have used a "2-for" discount when a customer buys 2 of the same item.

31.     Since opening in February 2014, Kati Junction has used a "2-for" discount when a customer buys 2 of the same item.

32.     THE KATI ROLL COMPANY® stores use wood facing on the counters and wood surrounds for trash bins.

33.     The Kati Junction restaurant uses wood facing on the counters and wood surrounds for trash bins.

34.     In 2013, TKRC created posters and half-sheet menus to use in its restaurants.  The menus constitute original, creative expression and use The Kati Roll Company® orange as an accent color.

35.     Kati Junction copied The Kati Roll Company® posters and half sheet menus in text, layout, font and size as well as duplicating each and every one of The Kati Roll Company® menu items.  Kati Junction's posters and half sheet menus are orange.

36.     More than one customer has inquired of TKRC about its new branch. Upon information and belief, these customers were confused, believing that Kati Junction is on of The Kati Roll Company® restaurants, and/or confused as to source, believing that Kati Junction is affiliation or associated with TKRC.

37.     When TKRC first opened in 2002, it offered approximately eight menu items.  TKRC developed the recipes for its dishes, which took many months for each, and introduced additional items over the years.

38.     For example, TKRC's Shrimp Masala Roll was developed in conjunction with celebrity chef Angelo Sosa of the Bravo television show Top Chef.

39.     It took TKRC approximately six months to develop its unique roti recipe before it introduced the roti bread option in its restaurants.

40.     Not only did TKRC spend time to determine the correct ingredients and proportions for its recipes, but it also had to develop proprietary processes for its recipes to create desired textures and to keep ingredients ready for use without artificial preservatives.

41.     TKRC's employees were advised to keep TKRC's recipes secret as part of their job training and in the company's employee manual.  Attached as Exhibit 2 are signed non-disclosure agreements for Defendants Mohamed Tariqul Islam and Shaikh Nuhul Alam.

42.     Mohamed Akhter Hossain was a manager in one of TKRC's restaurants.  As a manager he was given training on trade secret and/or confidential and proprietary TKRC information, such as how to prepare breads in accordance with TKRC's methods to meet TKRC's specifications.

43.     Upon information and belief, Kati Junction hired seven then current and former TKRC employees:  Mohamed Akhter Hossain, Mohamed Jewel Hossain, Mohamed Kamal Hossain, Mohamed Tariqul Islam, Mohamed Nur Nobi, Shaikh Nuhul Alam And Nurun Nabi Chowdhury.

44.     Upon information and belief, the flavor profile and texture of Kati Junctions fillings, sauces and breads are extremely similar to TKRC's fillings, sauces and breads.

45.     Upon information and belief, Kati Junction and its employees are using TKRC proprietary recipes and techniques to copy TKRC's menu.

46.     Upon information and belief, Kati Junction and John Doe #1 misappropriated TKRC's proprietary recipes and techniques by improperly obtaining trade secret and/or confidential and proprietary information from current and/or former TKRC employees.

### Count 1:  Infringement of a Federally Registered Service Mark

47.     Plaintiff restates and realleges paragraphs 1 through 46 as if fully set forth herein.

48.     Kati Junction Inc. and John Doe #1 infringed and continue to infringe Plaintiff's federally registered service mark in violation of 15 U.S.C. § 1114(1).

49.     Defendants' service mark infringement has irreparably harmed and continues to harm Plaintiff.  Plaintiff has no adequate remedy at law for the harm caused by Defendants.

50.     Defendants' service mark infringement is willful.

### Count 2:  Trade Dress Infringement

51.     Plaintiff restates and realleges paragraphs 1 through 50 as if fully set forth herein.

52.     Defendants infringed and continue to infringe Plaintiff's trade dress by unlawfully appropriating the image of Plaintiff's business in violation of 15 U.S.C. § 1125(a).

53.     Defendants' trade dress infringement has irreparably harmed and continues to harm Plaintiff.  Plaintiff has no adequate remedy at law for the harm caused by Defendants.

54.     Defendants' trade dress infringement is willful.

### Count 3:  Unfair Competition under the Lanham Act

55.     Plaintiff restates and realleges paragraphs 1 through 54 as if fully set forth herein.

56.     Defendants' misleading designation of origin has already caused and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Kati Junction with THE KATI ROLL COMPANY® restaurants, or as to the origin, sponsorship, or approval of Kati Junction's goods, services, and commercial activities by TKRC in violation of 15 U.S.C. § 1125(a).

57.     Defendants' deceptive acts and omissions have irreparably harmed and continue to harm Plaintiff and to damage the valuable goodwill in Plaintiff's name and image.  Plaintiff has no adequate remedy at law for the harm caused by Defendants.

58.     Defendants' Lanham Act violations are willful.

### Count 4:  State Statutory Infringement and Unfair Competition

59.     Plaintiff restates and realleges paragraphs 1 through 58 as if fully set forth herein.

60.     The above-described acts of Defendants constitute infringement and unfair competition in violation of New York Gen. Bus. Law §§ 133, 349 and 360.

61.     Defendants' acts of infringement are willful.

### Count 5:  Common Law Unfair Competition

62.     Plaintiff restates and realleges paragraphs 1 through 61 as if fully set forth herein.

63.     The above-described acts of Defendants constitute unfair competition under New York the common law.

### Count 6:  Breach of Duty of Loyalty

64.     Plaintiff restates and realleges paragraphs 1 through 63 as if fully set forth herein.

65.     Defendants Mohamed Akhter Hossain, Mohamed Jewel Hossain, Mohamed Kamal Hossain, Mohamed Tariqul Islam, Mohamed Nur Nobi, Shaikh Nuhul Alam and Nurun Nabi Chowdhury violated their common law duty of loyalty to TKRC by disclosing to a competitor TKRC trade secrets and/or confidential and proprietary information, using such information to compete with TKRC or both.

### Count 7:  Breach of Contract

66.     Plaintiff restates and realleges paragraphs 1 through 65 as if fully set forth herein.

67.     Defendants Mohamed Tariqul Islam and Shaikh Nuhul Alam breached their written Non-Disclosure Agreements.

**Count 8:  Misappropriation of Trade Secret
and/or Proprietary and Confidential Information**

68.     Plaintiff restates and realleges paragraphs 1 through 68 as if fully set forth herein.

69.     Defendants' acts constitute misappropriation of TKRC trade secrets and/or proprietary and confidential information.

70.     Defendants' acts of misappropriation are willful.


WHEREFORE Plaintiff demands judgment:

(1)     That Defendants, their agents, servants, employees and those persons in active concert or participation with Defendants be preliminarily and permanently enjoined and restrained throughout the United States from infringing Plaintiff's service mark, copying Plaintiff's trade dress and otherwise passing any existing or future restaurant off as affiliated with or sponsored by Plaintiff;

(2)     That Defendants, their agents, servants, employees and those persons in active concert or participation with Defendants be preliminarily and permanently enjoined and restrained throughout the United States from copying Plaintiff's posters, menus, packaging, signage, website and other publicity materials;

(3)     That Defendants, their agents, servants, employees and those persons in active concert or participation with Defendants be preliminarily and permanently enjoined and restrained throughout the United States from using or disseminating in any manner TKRC's trade secret and/or

confidential and proprietary information, including TKRC's proprietary recipes and techniques;

(4)     That Kati Junction Inc. and John Doe #1 be required to account for and pay to TKRC all gains, profits, and advantages derived by Defendants as a result of Defendants' infringements and false and deceptive descriptions, and any damages sustained by Plaintiff and any damages caused directly or indirectly by Defendants;

(5)     That Defendants pay damages pursuant to, *inter alia*, 15 U.S.C. § 1117;

(6)     That Defendants pay treble damages to justly compensate Plaintiff for willful infringement pursuant to, *inter alia*, 15 U.S.C. § 1117;

(7)     That Defendants pay costs and attorney fees pursuant to, *inter alia*, 15 U.S.C. § 1117;

(8)     That Defendants Mohamed Tariqul Islam and Shaikh Nuhul Alam pay damages to TKRC for breach of contract;

(9)     That Defendants Mohamed Akhter Hossain, Mohamed Jewel Hossain, Mohamed Kamal Hossain, Mohamed Tariqul Islam, Mohamed Nur Nobi, Shaikh Nuhul Alam and Nurun Nabi Chowdhury pay damages to TKRC for their breach of duty of loyalty;

(10)    That Defendants pay damages for their misappropriation of TKRC's trade secret and/or confidential and proprietary information;

(11)    That Defendants pay pre-judgment interest;

(12)    That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## Jury Demand

Plaintiff demands trial by jury.

Dated:  March 13, 2014        By: _Elizabeth Shieldkret_

Elizabeth Shieldkret (ES 0625)
67-20 Exeter Street
Forest Hills, NY 11375

(718) 997-0290
es@eshieldkret.com

Attorney for Plaintiff,
The KatiRoll Company Inc.

# Exhibit 1

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 3,352,040
Registered Dec. 11, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

# The Kati Roll Company

THE KATI ROLL COMPANY INC. (NEW YORK CORPORATION)
99 MACDOUGAL STREET
NEW YORK, NY 10012

FOR: RESTAURANT AND CARRY-OUT RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 6-7-2002; IN COMMERCE 6-7-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COMPANY", APART FROM THE MARK AS SHOWN.

THE FOREIGN WORDING IN THE MARK TRANSLATES INTO ENGLISH AS "SKEWER".

SEC. 2(F) AS TO "KATI ROLL".

SER. NO. 78-738,381, FILED 10-21-2005.

MICHAEL LEWIS, EXAMINING ATTORNEY

**From:**      TMOfficialNotices@USPTO.GOV
**Sent:**      Thursday, January 10, 2013 11:01 PM
**To:**        es@eshieldkret.com
**Subject:**   Trademark RN 3352040: Official Notice of Acceptance and Acknowledgement under Sections 8 and 15 of the Trademark Act

**Serial Number:** 78738381
**Registration Number:** 3352040
**Registration Date:** Dec 11, 2007
**Mark:** THE KATI ROLL COMPANY(STANDARD CHARACTER MARK)
**Owner:** The Kati Roll Company Inc.

Jan 10, 2013

# NOTICE OF ACCEPTANCE UNDER SECTION 8

The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058.  **The Section 8 declaration is accepted.**

# NOTICE OF ACKNOWLEDGEMENT UNDER SECTION 15

The declaration of incontestability filed for the above-identified registration meets the requirements of Section 15 of the Trademark Act, 15 U.S.C. §1065.  **The Section 15 declaration is acknowledged.**

**The registration will remain in force for the class(es) listed below for the remainder of the ten-year period, calculated from the registration date, unless canceled by an order of the Commissioner for Trademarks or a Federal Court.**

**Class(es):**
043

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

## REQUIREMENTS FOR MAINTAINING REGISTRATION

**WARNING: Your registration will be canceled if you do not file the documents below during the specified time periods.**

**Requirements in the First Ten Years**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between the 9th and 10th years after the registration date.  See 15 U.S.C. §§1058, 1059.

**Requirements in Successive Ten-Year Periods**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between every 9th and 10th-year period, calculated from the registration date.  See 15 U.S.C. §§1058, 1059.

# Exhibit 2

## *NONDISCLOSURE AND CONFIDENTIALITY OF COMPANY INFORMATION*

Your employment may expose you to confidential and trade secret information of the Company, which must be treated accordingly:  No Company information, including without limitation, recipes, financial documents, business plans, business records,  notes, files, records, computer files or similar materials may be removed from the Company's premises without written permission from the Company.

In addition, the contents of the Company's records or information otherwise obtained in regard to the Company may not be disclosed to anyone, except where required for a business purpose. Employees must not disclose any confidential information purposefully or inadvertently through casual conversation, to any unauthorized person inside or outside the Company.  Employees who are unsure about the confidential nature of specific information must ask their supervisor for clarification.  Employees will be subject to appropriate disciplinary action, up to and including dismissal, for knowingly or unknowingly revealing information of a confidential nature.

Finally, your obligation to keep Company information secret extends beyond your employment. Thus, you are required to keep such information secret even after you cease being employed by the Company.

**Please initial here to indicate that you have read and understood the Company's policy concerning Nondisclosure and Confidentiality of Company Information:**

**Initials**

## *EMPLOYEE ACKNOWLEDGEMENT FORM*

The employee handbook describes important information about the Company, and I understand that I should consult Renuka Gupta regarding any questions not answered in the handbook. I have entered into my employment relationship with the Company voluntarily and acknowledge that there is no specified length of employment. I understand that I am employed by the Company on an at-will basis. Accordingly, either I or the Company can terminate the relationship at will, with or without cause, at any time, so long as there is no violation of applicable federal or state law.

Since the information, policies, and benefits described here are necessarily subject to change, I acknowledge that revisions to the handbook may occur, except to the Company's policy of employment-at-will.

Furthermore, I acknowledge that this handbook is neither a contract of employment nor a legal document. I have received the handbook, and I understand that it is my responsibility to read and comply with the policies contained in this handbook and any revisions made to it.

EMPLOYEE'S NAME (printed):  SHAIKH  NUHUL  ALAM

EMPLOYEE'S SIGNATURE:  Shaikh  Nuhul  Alam

DATE:  07/01/13

19

## NONDISCLOSURE AND CONFIDENTIALITY OF COMPANY INFORMATION

Your employment may expose you to confidential and trade secret information of the Company, which must be treated accordingly: No Company information, including without limitation, recipes, financial documents, business plans, business records, notes, files, records, computer files or similar materials may be removed from the Company's premises without written permission from the Company.

In addition, the contents of the Company's records or information otherwise obtained in regard to the Company may not be disclosed to anyone, except where required for a business purpose. Employees must not disclose any confidential information purposefully or inadvertently through casual conversation, to any unauthorized person inside or outside the Company. Employees who are unsure about the confidential nature of specific information must ask their supervisor for clarification. Employees will be subject to appropriate disciplinary action, up to and including dismissal, for knowingly or unknowingly revealing information of a confidential nature.

Finally, your obligation to keep Company information secret extends beyond your employment. Thus, you are required to keep such information secret even after you cease being employed by the Company.

**Please initial here to indicate that you have read and understood the Company's policy concerning Nondisclosure and Confidentiality of Company Information:**

M . T
**Initials**

## *EMPLOYEE ACKNOWLEDGEMENT FORM*

The employee handbook describes important information about the Company, and I understand that I should consult Nancy Maldonado regarding any questions not answered in the handbook. I have entered into my employment relationship with the Company voluntarily and acknowledge that there is no specified length of employment. I understand that I am employed by the Company on an at-will basis. Accordingly, either I or the Company can terminate the relationship at will, with or without cause, at any time, so long as there is no violation of applicable federal or state law.

Since the information, policies, and benefits described here are necessarily subject to change, I acknowledge that revisions to the handbook may occur, except to the Company's policy of employment-at-will.

Furthermore, I acknowledge that this handbook is neither a contract of employment nor a legal document. I have received the handbook, and I understand that it is my responsibility to read and comply with the policies contained in this handbook and any revisions made to it.

EMPLOYEE'S NAME (printed):  MB. TARIQUL  ISLAM

EMPLOYEE'S SIGNATURE:  _Taeeal_

DATE:  4.4. 2013

19