UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE KATIROLL COMPANY INC., | 14 Civ. 1750 (SAS)(HP) |
| Plaintiff, | ECF Case |
| v. | |
| KATI JUNCTION INC., DARPAN BHARARA, MD AKHTER HOSSAIN, MD JEWEL HOSSAIN, MD KAMAL HOSSAIN, MD TARIQUL ISLAM, MD NUR NOBI, SHAIKH NUHUL ALAM and NURUN NABI CHOWDHURY, | **Answer to Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims** |
| Defendants. | |

Plaintiff, Counterclaim Defendant, The KatiRoll Company Inc. (TKRC), by and through counsel hereby answers Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims as follows:

## Affirmative Defenses

¶¶ 85-108. To the extent that the allegations of paragraphs 85-108 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims constitute legal argument and/or call for legal conclusions, a response is not required.  To the extent a response to paragraphs 85-108 is required, TKRC denies the allegations and incorporates Exhibit A attached hereto.  To the extent Defendants' responses to the Prayer for Relief and/or Defendants' affirmative

defenses and any facts alleged therein are incorporated into Defendants'
counterclaims by reference, TKRC denies the allegations and incorporates
Exhibit A.

### The Parties

109.    Admitted upon information and belief.

110.    Admitted.

### Jurisdiction and Venue

111.    TKRC admits it brought this action and the Court has jurisdiction
pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.  To the extent the allegations of
paragraph 111 of Defendants' Second Amended Answer, Affirmative Defenses and
Counterclaims constitute legal argument and/or call for legal conclusions, a
response is not required.  TKRC admits it filed this action.

112.    Admitted that TKRC filed suit against Kati Junction and the Court has
jurisdiction over Kati Junction.

### Factual Background

113.    Denied.

114.    TKRC admits that a food called a kati roll has origins in Kolkata, India
and denies the remaining allegations in paragraph 114 of Defendants' Second
Amended Answer, Affirmative Defenses and Counterclaims.

115.    TKRC has insufficient information to admit or deny the allegations in paragraph 115 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims.

116.    TKRC denies the allegations about ownership and employment and has insufficient information to admit or deny the remaining allegations in paragraph 116 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    TKRC admits that Kati Junction uses orange and white in its signage and uniforms and has an open kitchen with wooden detail and denies the remaining allegations in paragraph 121 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims.

122.    Denied.

123.    Denied.

124.    The allegations in paragraph 124 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims constitute legal argument and/or call for legal conclusions to which a response is not required and, to the extent a response is required, the allegations are denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    The allegations in paragraph 129 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims constitute legal argument and/or call for legal conclusions to which a response is not required and, to the extent a response is required, the allegations are denied.

130.    The allegations in paragraph 130 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims constitute legal argument and/or call for legal conclusions to which a response is not required and, to the extent a response is required, the allegations are denied.

## First Counterclaim

### Declaratory Judgment as to Cancellation of Counterdefendant's Federally Registered Service Mark under the Lanham Act for Genericness

131.    TKRC hereby incorporates and re-alleges paragraphs 1-84 of the First Amended Complaint and Jury Demand and TKRC's above responses to paragraphs 85-130 as if fully set forth herein.

132.    The allegations in paragraph 132 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims constitute legal argument and/or call for legal conclusions to which a response is not required and, to the extent a response is required, the allegations are denied.

133.    The allegations in paragraph 133 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims constitute legal argument and/or call for legal conclusions to which a response is not required and, to the extent a response is required, the allegations are denied.

134.    The allegations in paragraph 134 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims constitute legal argument and/or call for legal conclusions to which a response is not required.  TKRC admits it has never disclaimed "kati roll" and denies the remaining allegations in paragraph 134.

135.    The allegations in paragraph 135 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims constitute legal argument and/or call for legal conclusions to which a response is not required and, to the extent a response is required, the allegations are denied.

136.    The allegations in paragraph 136 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims constitute legal argument and/or call for legal conclusions to which a response is not required and, to the extent a response is required, the allegations are denied.

137.    Denied.

138.    Denied.

### Second Counterclaim

### Declaratory Judgment as to Service Mark Non-Infringement

139.    TKRC hereby incorporates and re-alleges paragraphs 1-84 of the First Amended Complaint and Jury Demand and TKRC's above responses to paragraphs 85-138 as if fully set forth herein.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

### Third Counterclaim

### Declaratory Judgment of Non-Infringement as to Trade Dress Because its [sic] Generic and Functional

144.    TKRC hereby incorporates and re-alleges paragraphs 1-84 of the First Amended Complaint and Jury Demand and TKRC's above responses to paragraphs 85-143 as if fully set forth herein.

145.    The allegations in paragraph 145 of Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims constitute legal argument and/or call for legal conclusions to which a response is not required and, to the extent a response is required, the allegations are denied.

146.    Denied.

147.    Denied.

### Fourth Counterclaim

**Declaratory Judgment as to Non-Infringement of Trade Secret**
**Because it in [sic] the Public Domain, Generic and Functional**

148.    TKRC hereby incorporates and re-alleges paragraphs 1-84 of the First

Amended Complaint and Jury Demand and TKRC's above responses to paragraphs

85-147 as if fully set forth herein.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

## Prayer for Relief

153.    TKRC denies that Defendants are entitled to any relief claimed in

paragraphs A-K on pages 21-22 of Defendants' Second Amended Answer,

Affirmative Defenses and Counterclaims.

## TKRC's Affirmative Defenses

### First Affirmative Defense

154.    Kati Junction's counterclaims fails to state a claim upon which relief

can be granted.

### Second Affirmative Defense

155.    Kati Junction's claims are barred in whole or in part because of

Defendants' unclean hands.

## Third Affirmative Defense

156.    Kati Junction's claims are barred in whole or in part because Defendants would be unjustly enriched if Kati Junction is permitted to recover on its claims.

## Fourth Affirmative Defense

157.    Kati Junction's Counterclaims are moot because the alleged controversy underlying the request for declaratory judgment is already before the jurisdiction of this Court.

## Reservation of All Rights to Assert Additional Affirmative Defenses

158.    TKRC has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated affirmative defenses available, and reserves the right to assert such additional defenses in the event that further discovery, investigation or analysis warrants.

WHEREFORE TKRC respectfully requests the Court dismiss the Defendants' affirmative Defenses and Kati Junction's Counterclaims in their entirety with prejudice and award TKRC all the remedies sought in the First Amended Complaint and such other and further relief as the Court deems just and proper, including costs, disbursements and attorney fees.

Dated:  December 5, 2014                    By: *Elizabeth Shieldkret*
                                            Elizabeth Shieldkret (ES 0625)
                                            67-20 Exeter Street
                                            Forest Hills, NY 11375

                                            (718) 997-0290
                                            es@eshieldkret.com

                                            Attorney for Plaintiff,
                                            The KatiRoll Company Inc.

**Exhibit A**

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 78738381 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 111 |
| **MARK SECTION (no change)** | |
| **OWNER SECTION (no change)** | |
| **LEGAL ENTITY SECTION (no change)** | |
| **ARGUMENT(S)** | |

Response to Office Action

   Applicant submits the following remarks in response to a communication from the Trademark Attorney dated February 2, 2007.

**Remarks**

1.  The Mark Has Acquired Distinctiveness
   Applicant has made substantially exclusive and continuous use of the mark in connection with the services since June 7, 2002.  Saha Dec. ¶ 2.
   The mark has also acquired distinctiveness.  The applicant has sought out and received press coverage (approximately 10-20 articles) which has established the distinctiveness of the mark as an indicator of source.  Saha Dec. ¶ 3.  As a result of the applicant's continuing efforts, purchasers and potential purchasers primarily associate the mark, THE KATI ROLL COMPANY as a whole, with the applicant.  For example, recently the applicant had to move one of its locations to a store approximately eight blocks away.  Because the store is located in midtown Manhattan, almost all the customers walk to the store.  Many are on their lunch hour and they all have myriad other options for their meal.  Yet many existing customers sought out the new location, walking past other similar options because they wanted the quality and taste associated with the source and identified by the use of the mark, THE KATI ROLL COMPANY, to point out the new location.  Saha Dec. ¶ 4.  This example illustrates how the mark has acquired distinctiveness as an indicator of source.
   Another example that the mark has acquired distinctiveness to consumers as an indication of source is that a competitor attempted to use the exact same mark to tap into the applicant's loyal customer base.  Approximately a year ago, a reporter who had previously done a story on the applicant called to ask why the applicant had not informed her of a new store location a few miles away in another state.  That store and an associated website, however, were being prepared to launch by a competitor.  Before that store ever opened, the competitor agreed not to use the applicant's mark and to transfer the website to

the applicant. The attempt, however, is objective evidence that consumers associate the mark with a source they trust for quality and taste, and that the recognition of the mark extends beyond New York. Saha Dec. ¶¶ 5, 6.

Similarly, consumers seek out the source based on the use of the mark. Numerous people have inquired when the applicant will open stores in their areas. The applicant has also received many requests to cater events and has done so on several occasions. These customers confirm that they are not merely requesting the products – kati rolls – which are available from other sources. They contact the applicant as the source for the assurance of quality and taste they associate with THE KATI ROLL COMPANY mark, usually after tasting the product at one of our stores. Saha Dec. ¶ 7.
The mark has become associated with a single source of the services: the applicant. This widespread association of THE KATI ROLL COMPANY with the applicant as the source of the services and with no other source is further evidence of acquired distinctiveness. The applicant also references the evidence made of record in the prior filings.

2.  Similar Marks Have Been Found Registrable

The applicant notes that while individual words of the mark may be descriptive, the mark as a whole is registrable. Many similar marks have been registered. For example, THE FRESH FOOD COMPANY was registered as a standard character mark for restaurants; restaurant services; contract food preparation services, and exhibition food cooking services. Reg. No. 3208198. THE FRANCHISE COMPANY was registered as a standard character mark for business management consulting services, namely, offering technical assistance to others in the acquisition, establishment, development, operation and financial support of franchises and in training for franchise owners and employees. Reg. No. 3198517. THE INSTANT PORTABLE AIR CONDITIONING COMPANY was registered as a standard character mark for distributorship services in the field of portable air conditioners. Reg. No. 3114337.

3.  Disclaimer

In accordance with the Examiner's suggestion, the applicant withdraws the voluntary disclaimer of ROLL COMPANY and disclaims COMPANY apart from the use in the mark.

For the foregoing reasons it is submitted that the present application is in condition for publication and registration, and such action is requested.

Respectfully submitted,

/eshieldkret/

Dated:      August 2, 2007        Elizabeth Shieldkret
                                  Attorney for Applicant

85-86 67th Avenue
Rego Park, NY 11374

(718) 997-0290 Phone
(718) 997-0291 Fax

**EVIDENCE SECTION**

| EVIDENCE FILE NAME(S) | |
|---|---|
| ORIGINAL PDF FILE | evi_6611467225-233624869_._Saha_Dec.pdf |
| CONVERTED PDF FILE(S) (3 pages) | \\TICRS2\EXPORT13\787\383\78738381\xml1\ROA0002.JPG |
| | \\TICRS2\EXPORT13\787\383\78738381\xml1\ROA0003.JPG |
| | \\TICRS2\EXPORT13\787\383\78738381\xml1\ROA0004.JPG |
| DESCRIPTION OF EVIDENCE FILE | Declaration of Payal Saha of The Kati Roll Company, Inc. |

## ADDITIONAL STATEMENTS SECTION

| DISCLAIMER | "No claim is made to the exclusive right to use COMPANY apart from the mark as shown." |
|---|---|
| SECTION 2(f) BASED ON EVIDENCE | "The mark has become distinctive of the goods/services, as demonstrated by the attached evidence. " |
| 2(f) EVIDENCE FILE NAME(S) | |
| ORIGINAL PDF FILE | E2F1-6611467225-233624869_._Saha_Dec.pdf |
| CONVERTED PDF FILE(S) (3 pages) | \\TICRS2\EXPORT13\787\383\78738381\xml1\ROA0005.JPG |
| | \\TICRS2\EXPORT13\787\383\78738381\xml1\ROA0006.JPG |
| | \\TICRS2\EXPORT13\787\383\78738381\xml1\ROA0007.JPG |
| SECTION 2(f) | "The mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement." |

## SIGNATURE SECTION

| DECLARATION SIGNATURE | /Payal Saha/ |
|---|---|
| SIGNATORY'S NAME | Payal Saha |
| SIGNATORY'S POSITION | President |
| DATE SIGNED | 08/02/2007 |
| RESPONSE SIGNATURE | /eshieldkret/ |
| SIGNATORY'S NAME | Elizabeth Shieldkret |
| SIGNATORY'S POSITION | Attorney of Record |
| DATE SIGNED | 08/02/2007 |
| AUTHORIZED SIGNATORY | YES |

KATI000022

| FILING INFORMATION SECTION | |
|---|---|
| **SUBMIT DATE** | Thu Aug 02 23:48:26 EDT 2007 |
| **TEAS STAMP** | USPTO/ROA-66.114.67.225-2 0070802234826977693-78738 381-380ced9f23777fa27273 6b1b2f5f6d5b8a-N/A-N/A-20 070802233624869032 |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

## Response to Office Action
## To the Commissioner for Trademarks:

Application serial no. **78738381** has been amended as follows:

**ARGUMENT(S)**
**In response to the substantive refusal(s), please note the following:**
Response to Office Action

Applicant submits the following remarks in response to a communication from the Trademark Attorney dated February 2, 2007.

**Remarks**

1.  The Mark Has Acquired Distinctiveness

Applicant has made substantially exclusive and continuous use of the mark in connection with the services since June 7, 2002. Saha Dec. ¶ 2.

The mark has also acquired distinctiveness. The applicant has sought out and received press coverage (approximately 10-20 articles) which has established the distinctiveness of the mark as an indicator of source. Saha Dec. ¶ 3. As a result of the applicant's continuing efforts, purchasers and potential purchasers primarily associate the mark, THE KATI ROLL COMPANY as a whole, with the applicant. For example, recently the applicant had to move one of its locations to a store approximately eight blocks away. Because the store is located in midtown Manhattan, almost all the customers walk to the store. Many are on their lunch hour and they all have myriad other options for their meal. Yet many existing customers sought out the new location, walking past other similar options because they wanted the quality and taste associated with the source and identified by the use of the mark, THE KATI ROLL COMPANY, to point out the new location. Saha Dec. ¶ 4. This example illustrates how the mark has acquired distinctiveness as an indicator of source.

Another example that the mark has acquired distinctiveness to consumers as an indication of source is that a competitor attempted to use the exact same mark to tap into the applicant's loyal customer base.

KATI000023

Approximately a year ago, a reporter who had previously done a story on the applicant called to ask why the applicant had not informed her of a new store location a few miles away in another state.  That store and an associated website, however, were being prepared to launch by a competitor.  Before that store ever opened, the competitor agreed not to use the applicant's mark and to transfer the website to the applicant.  The attempt, however, is objective evidence that consumers associate the mark with a source they trust for quality and taste, and that the recognition of the mark extends beyond New York.  Saha Dec. ¶¶ 5, 6.

Similarly, consumers seek out the source based on the use of the mark. Numerous people have inquired when the applicant will open stores in their areas.  The applicant has also received many requests to cater events and has done so on several occasions.  These customers confirm that they are not merely requesting the products – kati rolls – which are available from other sources.  They contact the applicant as the source for the assurance of quality and taste they associate with THE KATI ROLL COMPANY mark, usually after tasting the product at one of our stores.  Saha Dec. ¶ 7.

The mark has become associated with a single source of the services:  the applicant.  This widespread association of THE KATI ROLL COMPANY with the applicant as the source of the services and with no other source is further evidence of acquired distinctiveness.  The applicant also references the evidence made of record in the prior filings.

2.  Similar Marks Have Been Found Registrable

The applicant notes that while individual words of the mark may be descriptive, the mark as a whole is registrable.  Many similar marks have been registered.  For example, THE FRESH FOOD COMPANY was registered as a standard character mark for restaurants; restaurant services; contract food preparation services, and exhibition food cooking services.  Reg. No. 3208198.  THE FRANCHISE COMPANY was registered as a standard character mark for business management consulting services, namely, offering technical assistance to others in the acquisition, establishment, development, operation and financial support of franchises and in training for franchise owners and employees.  Reg. No. 3198517. THE INSTANT PORTABLE AIR CONDITIONING COMPANY was registered as a standard character mark for distributorship services in the field of portable air conditioners. Reg. No. 3114337.

3.  Disclaimer

In accordance with the Examiner's suggestion, the applicant withdraws the voluntary disclaimer of ROLL COMPANY and disclaims COMPANY apart from the use in the mark.

For the foregoing reasons it is submitted that the present application is in condition for publication and registration, and such action is requested.

Respectfully submitted,

/eshieldkret/

Dated:      August 2, 2007          Elizabeth Shieldkret
Attorney for Applicant

85-86 67th Avenue
Rego Park, NY 11374

(718) 997-0290 Phone
(718) 997-0291 Fax

**EVIDENCE**
Evidence in the nature of Declaration of Payal Saha of The Kati Roll Company, Inc. has been attached.
**Original PDF file:**
evi_6611467225-233624869_._Saha_Dec.pdf
**Converted PDF file(s)** (3 pages)
Evidence-1
Evidence-2
Evidence-3


**ADDITIONAL STATEMENTS**
**Disclaimer**
"No claim is made to the exclusive right to use COMPANY apart from the mark as shown."


**Section 2(f), based on Evidence**
"The mark has become distinctive of the goods/services, as demonstrated by the attached evidence. "
**Original PDF file:**
E2F1-6611467225-233624869_._Saha_Dec.pdf
**Converted PDF file(s)** (3 pages)
2(f) evidence-1
2(f) evidence-2
2(f) evidence-3


**Section 2(f), based on Use**
"The mark has become distinctive of the goods/services through the applicant's substantially exclusive
and continuous use in commerce for at least the five years immediately before the date of this statement."


**SIGNATURE(S)**
**Declaration Signature**
If the applicant is seeking registration under Section 1(b) and/or Section 44 of the Trademark Act, the
applicant had a bona fide intention to use or use through the applicant's related company or licensee the
mark in commerce on or in connection with the identified goods and/or services as of the filing date of the
application. 37 C.F.R. Secs. 2.34(a)(2)(i); 2.34 (a)(3)(i); and 2.34(a)(4)(ii). If the applicant is seeking
registration under Section 1(a) of the Trademark Act, the mark was in use in commerce on or in
connection with the goods or services listed in the application as of the application filing date. 37 C.F.R.
Secs. 2.34(a)(1)(i). The undersigned, being hereby warned that willful false statements and the like so
made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false
statements may jeopardize the validity of the application or any resulting registration, declares that he/she
is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant
to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed
under 15 U.S.C. §1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the
best of his/her knowledge and belief no other person, firm, corporation, or association has the right to
use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be
likely, when used on or in connection with the goods/services of such other person, to cause confusion, or
to cause mistake, or to deceive; that if the original application was submitted unsigned, that all statements

KATI000025

in the original application and this submission made of the declaration signer's knowledge are true; and all statements in the original application and this submission made on information and belief are believed to be true.

Signature: /Payal Saha/     Date: 08/02/2007
Signatory's Name: Payal Saha
Signatory's Position: President

**Response Signature**
Signature: /eshieldkret/     Date: 08/02/2007
Signatory's Name: Elizabeth Shieldkret
Signatory's Position: Attorney of Record

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the applicant's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the applicant in this matter: (1) the applicant has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the applicant has filed a power of attorney appointing him/her in this matter; or (4) the applicant's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.

Serial Number: 78738381
Internet Transmission Date: Thu Aug 02 23:48:26 EDT 2007
TEAS Stamp: USPTO/ROA-66.114.67.225-2007080223482697
7693-78738381-380ced9f323777fa272736b1b2
f5f6d5b8a-N/A-N/A-20070802233624869032

KATI000026

IN THE UNITED STATES
PATENT AND TRADEMARK OFFICE

Applicant:  The Kati Roll Company

Mark:  THE KATI ROLL COMPANY

Serial Number: 78/738381  Trademark Law Office 111

Filed:  October 21, 2005  Trademark Attorney Michael G. Lewis

### Declaration

I, Payal Saha, do hereby declare that:

1. I am an officer of The Kati Roll Company Inc. ("The Applicant").

2. The Applicant began using the mark, THE KATI ROLL COMPANY, in connection with restaurant and carry-out restaurant services on June 7, 2002. Since that time, The Applicant has used the mark continuously and substantially exclusively.

3. The Applicant has spent significant resources promoting the mark in connection with the services. For example, I have successfully sought press coverage to publicize the mark. We have had 10-20 articles identifying The Applicant as the source of the services offered under the mark.

4. I believe the mark, THE KATI ROLL COMPANY as a whole, now has the primary association among customers and potential customers with our restaurants. For example, recently we had to move one of our locations to a store approximately eight blocks away. We found that many of our existing customers followed us to the new location. Because we are located in Manhattan, almost all our customers walk to our stores, many on the limited time of a lunch hour and all of whom have myriad other options for their meal. My experience with these customers confirms that they seek out THE KATI ROLL COMPANY kati rolls

Page 1 of 3

KATI000027

because they associate the services offered under the mark with the quality and taste provided by the source, The Applicant.

5.      Approximately one year ago, I received a call from a reporter who had previously done a story on The Applicant asking why I had not informed her of our new location a few miles away in another state.  I learned that another business had copied the mark, THE KATI ROLL COMPANY, put up a website announcing a restaurant opening with a very similar menu to ours and rented a store.  The Applicant's attorney immediately contacted the other business and it agreed not to begin using the mark (its store was not yet opened) and transferred its website to The Applicant.

6.      I believe a competitor's attempted use of our mark was an attempt to tap the customer base loyal to the mark.  Customers recognize THE KATI ROLL COMPANY as an indicator of a quality product from The Applicant.  Our swift response ensured continued substantially exclusive use of the mark.

7.      Numerous people have inquired when we will open stores in their areas.  Similarly, I have received many requests to cater events and have done so on several occasions.  My conversations with these people confirm that they are not merely requesting the products – kati rolls – which are available from other sources.  They contact The Applicant as the source for the assurance of quality and taste they associate with THE KATI ROLL COMPANY mark, usually after tasting the product at one of our stores.

KATI000028

I further declare that all statements made herein of my own knowledge are true; that all statements made herein on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this application and any registration resulting therefrom.

Dated:      August 2, 2007          /Payal Saha/_____
                                    Payal Saha

KATI000029

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:  78/738381

**APPLICANT**:  The Kati Roll Company Inc.

**\*78738381\***

**CORRESPONDENT ADDRESS**:
ELIZABETH SHIELDKRET
8586 67TH AVE
REGO PARK, NY 11374-5225

**RETURN ADDRESS**:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**:  THE KATI ROLL COMPANY

**CORRESPONDENT'S REFERENCE/DOCKET NO**:  K0003

**CORRESPONDENT EMAIL ADDRESS**:

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
   4. Your telephone number and e-mail
   address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**:  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION**:  If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  78/738381

This letter responds to the applicant's communication filed on 11/13/06. In the response, the applicant presented arguments for registration and submitted a Trademark Act 2(f) claim based on acquired distinctiveness.  The Trademark 2(f) claim is rejected for the reasons set forth below.

## Trademark Act 2(f) Acquired Distinctiveness

Applicant has asserted acquired distinctiveness based on less than five years' use in commerce.  Because the applied-for mark is highly descriptive of applicant's goods and/or services, the allegation of less than

KATI000033

five years' use is insufficient to show acquired distinctiveness. *In re Kalmbach Publ'g Co.*, 14 USPQ2d 1490 (TTAB 1989); TMEP §1212.05(a). Additional evidence is needed.

This evidence may include specific dollar sales under the mark, advertising figures, samples of advertising, consumer or dealer statements of recognition of the mark, and any other evidence that establishes the distinctiveness of the mark as an indicator of source. The Office will decide each case on its own merits.

If additional evidence is submitted, the following factors are generally considered: (1) length and exclusivity of use by applicant of the mark in the United States; (2) the type, expense and amount of advertising of the mark in the United States; and (3) applicant's efforts, such as unsolicited media coverage and consumer studies, in the United States to associate the mark with the source of the goods and/or services identified in the application. *In re Steelbuilding.com*, 415 F.3d 1293, 1300, 75 U.S.P.Q.2d 1420, 1424 (Fed. Cir. 2005). A showing of acquired distinctiveness need not consider each of these factors, and no single factor is determinative. *Id.*; *see* 37 C.F.R. §2.41; TMEP §§1212 *et seq.*

The burden of proving that a mark has acquired distinctiveness is on applicant. *See In re Meyer & Wenthe, Inc.*, 267 F.2d 945, 122 USPQ 372 (C.C.P.A. 1959). Applicant must establish that the purchasing public has come to view the proposed mark as an indicator of origin. Allegations of sales and advertising expenditures cannot per se establish that a term has acquired significance as a mark. It is necessary to examine the advertising material to determine how the term is used, the commercial impression created by such use, and the significance the term would have to prospective purchasers. The ultimate test in determining acquisition of distinctiveness under Trademark Act Section 2(f) is not applicant's efforts, but applicant's success in educating the public to associate the claimed mark with a single source. *In re Packaging Specialists, Inc.*, 221 USPQ 917 (TTAB 1984); *Congoleum Corp. v. Armstrong Cork Co.*, 218 USPQ 528 (TTAB 1983); *Bliss & Laughlin Industries Inc. v. Brookstone Co.*, 209 USPQ 688 (TTAB 1981).

The amount and character of evidence needed to establish acquired distinctiveness depends on the facts of each case and particularly on the nature of the mark sought to be registered. *See Roux Laboratories, Inc. v. Clairol Inc.*, 427 F.2d 823, 166 USPQ 34 (C.C.P.A. 1970); *In re Hehr Mfg. Co.*, 279 F.2d 526, 126 USPQ 381 (C.C.P.A. 1960); *In re Gammon Reel, Inc.*, 227 USPQ 729 (TTAB 1985). More evidence is needed where a mark is so highly descriptive that purchasers seeing the matter in relation to the named goods and/or services would be less likely to believe that it indicates source in any one party. *See, e.g., In re Bongrain International Corp.*, 894 F.2d 1316, 13 USPQ2d 1727 (Fed. Cir. 1990); *In re Seaman & Associates, Inc.*, 1 USPQ2d 1657 (TTAB 1986); *In re Packaging Specialists, Inc.*, 221 USPQ 917 (TTAB 1984). However, no amount of purported proof that a generic term has acquired secondary meaning can transform that term into a registrable trademark. Such a designation cannot become a trademark under any circumstances. *See Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, 195 USPQ 281 (7th Cir. 1977), *cert. denied*, 434 U.S. 1025, 196 USPQ 592 (1978).

**Trademark Act 2(e)(1) Refusal Based on Descriptiveness**

The refusal based on Trademark Act 2(e)(1) is continued.

**Disclaimer**

The requirement that the Applicant withdraw the voluntary disclaimer of ROLL COMPANY is continued.

If applicant amends the application to seek registration on the Principal Register under Section 2(f) or on the Supplemental Register, applicant must disclaim "COMPANY," because such wording appears to be generic in the context of applicant's goods and/or services.  *In re Wella Corp.*, 565 F.2d 143, 196 USPQ 7 (C.C.P.A. 1977); *In re Creative Goldsmiths of Washington, Inc.*, 229 USPQ 766 (TTAB 1986); *In re Carolyn's Candies, Inc.*, 206 USPQ 356 (TTAB 1980); TMEP §1213.03(b).


**Conclusion**

If applicant has questions about its application or needs assistance in responding to this Office Action, please telephone the assigned trademark examining attorney directly at the number below.




/Michael G. Lewis/
Examining Attorney
Law Office 111
United States Patent and Trademark Office
(571) 272-5495


**HOW TO RESPOND TO THIS OFFICE ACTION:**

- ONLINE RESPONSE:  You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html.  If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS.  **NOTE:  Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE**.
- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name.  **NOTE:  The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date.  To ensure your response is timely, use a certificate of mailing.  37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

KATI000036

http://209.85.165.104/search?q=cache:4jRgimiuBtcJ:en.wikipedia.org/wiki/Kati_roll+%22kati+roll%22&hl=en&gl=us&
ct=clnk&cd=3        02/01/2007 12:02:55 PM



This is ... he of http://en.wikipedia.org/wiki/Kati_roll as retrieved on Jan 27, 2007 06:39:17 GMT.
G o ... snapshot of the page ... craw ... | **article** | **discussion** | **edit this page** | history
The ... ged since that time. Click here for the **current page** without highlighting.
This ... ference images which are no longer available. Click here for the **cached text** only.
To link ... his page, use the following url: http://www.google.com/search?q=cache:4jRgimiuBtcJ:en.wikipedia.org/wiki/Kati_roll+%22kati+roll%
22&hl=en... &cd=3

*Google is neither affiliated with the authors of this page nor responsible for its content.*

... search terms have been highlighted: **kati roll**

navigation

- Main page
- Community portal
- Featured content
- Current events
- Recent changes
- Random article
- Help
- Contact Wikipedia
- Donations

search

[                    ]

[ Go ]  [ Search ]

toolbox

- What links here
- Related changes
- Upload file
- Special pages

*Your **continued donations** keep Wikipedia running!*

# Kati roll

From Wikipedia, the free encyclopedia

**Kati roll** or *kati jabab roll* or, *roll* is a street-side fast food popular in Kolkata, India. In Kolkata, it was introduced by *Nizam's*, a restaurant in the city noted for its Mughlai food[*citation needed*]. In Mumbai, it is similar to a *franky*.

It is said that the **kati roll** was the result of some quick thinking on a busy day. Apparently, on that particular day, the number of people asking for kebeb and parathas far outstripped the number of plates available, or the pace at which the plates could be washed and



Kolkatans devouring kati rolls. Picture credit: *Hindu Business Line*

KATI000037

http://209.85.165.104/search?q=cache:4jRgimiuBtcJ:en.wikipedia.org/wiki/Kati_roll+%22kati+roll%22&hl=en&gl=us&
ct=clnk&cd=3          02/01/2007 12:02:55 PM

- Special pages
- Printable version
- Permanent link
- Cite this article

*Hindu Business Line*

recycled. It was decided to wrap the kebab in parathas, and in the
process, reduce the number of plates required by half.

The basic **Kati roll** begins with paratha toasted on a tava. Whipped egg is poured in the tava's
center and carefully topped with the bread. Fried vegetables are roasted in butter and stuffed
inside. To finish, spices, including red onion slivers and lime, are sprinkled on top.

Spicy potatoes, beef, or chicken tikka, can also be ingredients stuffed inside.

At certain outlets, the kati comes wrapped around a non-greasy *rumali roti*. Other famous joints that
serve kati rolls in Kolkata include *Badshah* with the original branch near New Market and *Bedouin*
with its original branch at Gariahat. It is now available throughout most of West Bengal at roadside
kiosks and restaurants.

*This article about the Cuisine of India is a stub. You can help Wikipedia by expanding it.*

Categories: Articles with unsourced statements | Kolkata culture | Indian fast food | Appetizers |
Indian food stubs

This page was last modified 04:35, 23 December 2006.      All text is
available under the terms of the GNU Free Documentation License. (See
**Copyrights** for details.)
Wikipedia® is a registered trademark of the Wikimedia Foundation, Inc., a US-registered 501(c)(3) tax-deductible
nonprofit charity.

Privacy policy        About Wikipedia        Disclaimers



http://209.85.165.104/search?q=cache:oyauJ6MnidEJ:www.chowhound.com/topics/357989+%22kati+roll%22+-%22kati+-ro
ll+-company%22&hl=en&gl=us&ct=clnk&cd=23         02/01/2007 02:00:21 PM

This is **G o o g l e**'s cache of http://www.chowhound.com/topics/357989 as retrieved on Jan 27, 2007 13:36:52 GMT.
**G o o g l e**'s cache is the snapshot that we took of the page as we crawled the web.
The page may have changed since that time. Click here for the current page without highlighting.
This cached page may reference images which are no longer available. Click here for the cached text only.
To link to or bookmark this page, use the following url: http://www.google.com/search?q=cache:oyauJ6MnidEJ:www.chowhound.com/topics/357989+%
22kati+roll%22+-%22kati+-roll+-company%22&hl=en&gl=us&ct=clnk&cd=23
*Google is neither affiliated with the authors of this page nor responsible for its content.*
These search terms have been highlighted: **kati roll**



CHOWHOUND
For Those Who Live To Eat

Login | Sign Up

🏠 Recipes ▾   **Boards** ▾   Stories ▾   Blogs ▾   Videos   my CHOW ▾                    theme ◼◼◻

**OUTER BOROUGHS**                                           Topic Options ▾

## tasty dish to try at Desi Biryani in Jackson Heights

Last night we picked up take-out from Desi Biryani on 37th Avenue and were really impressed by the Mughlai paratha. We had the vegetable version and the chicken version - both are good, but it was the veggie version that we liked enough to go back for today!
Very light and fresh tasting - a little expensive at $7 per order, but a good treat.

👥 JulesNYC on Jan 08, 2007                              Permalink | Reply

**24 REPLIES SO FAR**                          ADD YOUR OWN

Is that the indian/chinese on 37th between 71 and 72?

Mughlai Paratha is one of my favorite orders, btw, at Spicy Mina, though she makes it completely differently (like everything else) every time.

Jim Leff  Jan 08, 2007                                  Permalink | Reply

no - it's on 37th Avenue between 75th and 76th, next to Dunkin Donuts.
I've had the mughlai at Mina's and I think Desi Biryani's version is so much better (although I think Mina is better at everything else!)

**WHO'S TALKING?**

**advertisement**

chowhound.com
OPEN LATE

CHOWHOUND
For those who live to eat

**OVERHEARD IN THE BOARDS**

**jittery and in need of espresso advice**
E.Kolliopoulos in Cookware

**IN STORIES**

PARTY

http://209.85.165.104/search?q=cache:oyauJ6MnidEJ:www.chowhound.com/topics/357989+%22kati+roll%22+-%22kati+ro
ll+company%22&hl=en&gl=us&ct=clnk&cd=23          02/01/2007 02:00:21 PM



Im thinking I may have had this before from Mina and that its stuffed.

If its rolled with the paratha, how is it diff from a **kati roll**?

🧑 **jen kalb** Jan 08, 2007                                    Permalink | Reply

stuffing inside, egg outside - usually                    re: jen kalb ⬏

**howler** Jan 00, 2007                                    Permalink | Reply

I've never seen egg outside (in JH, it's usually stuffed inside with    re: howler ⬏
the meat). But, as you know, there are regional variations even
in diaspora!

**Jim Leff** Jan 08, 2007                                    Permalink | Reply

ah, you mean the chopped boiled egg?                    re: Jim Leff ⬏

the 'outside egg' is when you stuff the paratha with kheema and then, while
you're making the paratha on the grill you slather beaten eggs on the top, let it
cook, flip and do the same again.

mutton frankie is a bombay invention where the guy slathers beaten egg over a
plain paratha (one side only) and then rolls tenderly moist heavenly spiced
mutton in. extra onions, chili and a proprietary masala bring you to heaven.

somewhere in between a **kati roll** and a lamb shwarma sandwich.

**howler** Jan 08, 2007                                    Permalink | Reply

I caught a glipse something eggy-looking at the next table at    re: howler ⬏
dinner last night at Jackson Diner. It looked like a cross
between an omelette and a pancake, with some veggie-looking ingredients
cooked into it. It was more than a foot in diameter, and around the thickness of a
paratha. I got distracted by the conversation at our table and didn't see our
neighbors dole it out, and I forgot to keep staring at it or at least ask a waiter
what it was. Does anyone have an idea what I spied?

🧑 **Helen F** Jan 08, 2007                                    Permalink | Reply

okay, now you are making me hungry. i've had those in bombay    re: howler ⬏
and they're great! I know you are in london, howler, but anyone
know a place in the outer boroughs to get one?

🧑 **missmasala** Jan 08, 2007                                    Permalink | Reply

KATI000042