**FELDMAN LAW GROUP, P.C.**
PATENT, COPYRIGHT AND TRADEMARK LAW
220 EAST 42nd STREET, SUITE 3304
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 532-8585
TELEFAX: (212) 532-8598
www.feldman-law.com

LONG ISLAND OFFICE
120 MAIN STREET (ROUTE 25A)
HUNTINGTON, NEW YORK 11743

March 23, 2015

**BY ECF**
Honorable Shira A. Scheindlin
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re: The Kati Roll Company v. Kati Junction, Inc et al, 14-cv-1750 (SAS)(HP)

Dear Judge Scheindlin:

We represent Kati Junction and the individual employee defendants (collectively "Kati Junction Defendants") in the above matter and write this pre-motion letter to set a schedule for Kati Junction's Motion for Summary Judgment at the pre-motion/pre-trial conference scheduled for March 27, 2015. Fact discovery closed on March 20, 2015, but Plaintiff's principal, Payal Saha's deposition is incomplete until Ms. Saha returns to New York and expert discovery is ongoing for both parties. As per Your Honor's Individual Rules, Kati Junction Defendants briefly outline their basis for a Motion for Summary Judgment on the following claims.

**1. The term Kati Roll is not Protectible as a Trademark because it is generic and there can be no likelihood of confusion between Kati Junction and The Kati Roll Company Mark**

The term "kati roll" is a generic Indian term used to describe a wrap that contains any kind of filling that is folded in different types of flatbread. Plaintiff admits that the term kati roll is generic but continues to object to the use of Kati Junction.

Plaintiff's claims for Service Mark infringement fails to the extent that it bases its claims on Kati Junction Defendants' use of the generic term, kati roll, to indicate the different varieties of kati rolls they offer for sale. Plaintiff has offered no evidence of Kati Junction's use of the generic term kati roll in its name or menu and there is no likelihood of confusion between the names Kati Junction and The Kati Roll Company. To the extent that Plaintiff bases its Lanham Act claims on its rights to the "The Kati Roll Company" trademark, there has also been no infringement of Plaintiff's trademark or service mark under federal or state laws by Kati Junction.

The Federal Circuit recently held that adding "the" and "company" to a generic term cannot be protected as a trademark. *In re Health Science Funding, LLC.*, 2012 WL 4763146 (T.T.A.B. 2012) *aff'd* 2013 WL 5203979 (Fed.Cir. 2013) A term is generic when it refers to the genus or class of product, rather than a particular product; in other words, a generic term can be

1

used to name a type of goods. *Murphy Door Bed Co. v. Interior Sleep Sys., Inc.,* 874 F.2d 95, 100 (2d Cir. 1989); *Abercrombie & Fitch,* 537 F.2d at 9. That is, "unlike a trademark, which identifies the source of a product, a generic term merely specifies the genus of which the particular product is a species." *Abercrombie & Fitch,* 537 F.2d at 9). As stated by the Second Circuit. "it is a bedrock principle of trademark law that no trader may acquire the exclusive right to the use of a term by which the covered goods or services are designated in the language. Such a term is "generic." Generic terms are not eligible for protection as trademarks; everyone may use them to refer to the goods they designate. This rule protects the interest of the consuming public in understanding the nature of the goods offered for sale, as well as fair competition in the marketplace among competitors by insuring that every provider may refer to his goods as what they are." *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.,* 175 F.3d 266, 270 (2d Cir. 1999) (citations omitted)

Other than Plaintiff's testimony and unverified reports of confusion, Plaintiff has no evidence of likelihood of confusion and cannot preclude Kati Junction Defendants' use of the term kati roll to describe the products Kati Junction offers for sale. *See also Brennan's, Inc. v. Brennan's Rest., LLC,* 02 Civ. 9858 (RLC), 2003 U.S. Dist. LEXIS 3974, *13 (S.D.N.Y. Mar. 17, 2003), *aff'd,* 360 F.3d 125 (2d Cir. 2004) (several inquiries as to whether defendant's restaurant was related to plaintiffs were "ambiguous" and/or "minimal" evidence of actual confusion); *Nora Beverages v. Perrier Group of Am., Inc.,* 91 Civ. 780 (EBB), 1999 U.S. Dist. LEXIS 16077 at *15 (D. Conn. Oct. 14, 1999), *aff'd* 269 F.3d 114 (2d Cir. 2001) ("reported testimony of [] two mistaken consumers is inadmissible hearsay"). Plaintiff has failed to show actual confusion and its claims for trademark and service mark infringement should be dismissed.

Plaintiff's claims for common law infringement and unfair competition are similarly meritless.

## 2. Plaintiff's Trade Secret Claims are Meritless Because the Recipes are Generic and Kati Junction's Use of Generic Recipes Cannot Constitute Trade Secret Misappropriation

Plaintiff's "trade secret" arguments are conspicuously vague and are unsupported by any particulars or evidence. Plaintiff purports to claim trade secret over its ingredients and proportions of ingredients used to make kati rolls. Plaintiff's recipes are in fact not secret because they are generically available.

Under New York law, a trade secret can be a formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. *See* Restatement of Torts §757. The factors to be considered in evaluating a trade secret claim are:

> (1) the extent to which the information is known outside of [the] business; (2) the extent to which it is known by employees and others involved in [the] business; (3) the extent of measures taken by [the business] to guard the secrecy of the information; (4) the value of the information to [the business] and [its] competitors; (5) the amount of effort or money expended by [the business] in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.
>
> (2) "Information that is readily ascertainable from publicly available sources does

not constitute a trade secret."

(citing *Ashland Management,* 82 N.Y.2d at 406-07, 604 N.Y.S.2d at 918)

There are two prongs to the analysis of whether a defendant has misappropriated a trade secret under New York law. First, the plaintiff must show that he possessed a trade secret. Second, the plaintiff must show that the defendant utilized that trade secret in breach of an agreement, a confidential relationship or duty, or as a result of discovery by improper means. *Blank v. Pollack,* 916 F. Supp. 165, 174 (N.D.N.Y. 1996).

Plaintiff's trade secret allegation cannot satisfy either requirement because there are no trade secret recipes at issue and, more importantly, because Kati Junction uses recipes and ingredients that are different and generic.

Additionally, Kati Junction Defendants' will show in summary judgment motion that the ingredients are old and in the public domain.

### 3. Plaintiff's Inconsistent, Functional and Generic Trade Dress Elements Are Unprotectible Under the Lanham Act

Plaintiff cannot allege a trade dress infringement claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1) "The 'trade dress' of a product consists of its total image, composed of features such as size, shape, color or color combinations, texture or graphics." *Hubbell Incorporated v. Pass & Seymour, Inc.,* 883 F.Supp. 955, 958 (S.D.N.Y.1995) (citations omitted)..

The proper focus is on the overall appearance of the restaurants, rather than just the similarities. In other words, the differences between the restaurants' trade dress are so marked that there can be no likelihood of confusion and there has been factual support to allegations of distinctive trade dress in Plaintiff's complaint. A visual comparison of the features between Kati Junction and Plaintiff's restaurant makes it apparent that there are many differences between the two restaurants and there can be no likelihood of confusion. Plaintiff has also failed show any secondary meaning or inherent distinctiveness of its allegedly unregistered trade dress.

Moreover, Plaintiff's asserted trade dress elements are not consistently used and overall look of its three locations is different and inconsistent. It is questionable whether Plaintiff has sufficiently alleged that it has an actual trade dress capable of being infringed. See, e.g., *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 765, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992) (noting that a detailed description of the restaurant, including characteristics that made the restaurant unique, qualified as trade dress). While Plaintiff repeatedly lists elements that may exist in one locations but not all of its locations, it never alleges what makes its restaurant so distinctive. Additionally, Plaintiff has failed to allege a likelihood of confusion.

We respectfully request the Court discuss scheduling of Kati Junction's Motion for Summary Judgment.

Respectfully submitted

*Kalpana Nagampalli*
Kalpana Nagampalli

cc:   Elizabeth Shieldkret, Counsel for Plaintiff
      Kati Junction, Inc.

3