

**Elizabeth Shieldkret**
Attorney at Law

67-20 Exeter Street
Forest Hills, NY 11375

Phone: (718) 997-0290
Fax: (718) 997-0291

Email: es@eshieldkret.com
Web: www.eshieldkret.com

March 26, 2015

By ECF
Honorable Shira A. Scheindlin
United States District Judge
United States District Court for the
    Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re: *The KatiRoll Company Inc. v. Kati Junction Inc. et al.*
<u>14 Civ. 1750 (SAS)(HP)</u>

Dear Judge Scheindlin:

I represent The KatiRoll Company Inc. (TKRC) in the above-referenced action for Lanham Act infringements and related claims under New York law. Kati Junction hired seven current and former employees of TKRC to open a restaurant three blocks away from a TKRC location. Kati Junction has the same menu, nearly verbatim. I write in response to Ms. Nagampalli's March 23, 2015 letter. We have a conference with the Court on March 27, 2015 at 3:30 p.m.

### 1.     Outstanding Discovery Issues

Ms. Nagampalli neglects to tell the Court that one of her clients, Defendant Shaikh Nuhul Alam, is evading us. He refused to be deposed and Ms. Nagampalli says she cannot get in touch with him. Mr. Alam is the employee who started working for Kati Junction before he resigned from TKRC.

Defendants have produced sales documents, but no cost documents, so we have not been able to ask any fact witnesses about such documents. If Defendants do provide this information, we will also need testimony. We would like a date by which they provide this information and an opportunity to take testimony about the documents.

### 2.     Summary Judgment Is Not Appropriate Before Expert Discovery

Defendants write, "Other than Plaintiff's testimony and unverified reports of confusion, Plaintiff has no evidence of likelihood of confusion..."[1] Plaintiff is entitled to obtain an independent expert to uncover instances of consumer confusion. In the Court's July 16,

---

[1] At the end of a recent deposition, I informed Ms. Nagampalli that the witness had knowledge of instances of actual confusion and noted that Ms. Nagampalli had avoided the topic. On the record, I offered Ms. Nagampalli the opportunity to question the witness on her knowledge. Ms. Nagampalli declined.

Honorable Shira A. Scheindlin  
March 26, 2015

2014 Opinion and Order (Doc. 24, p. 18, n. 74), the Court noted the appropriateness of such evidence:

> More evidence will likely be needed to determine whether customers have purchased food at Kati Junction under the mistaken belief it was a TKRC product. Direct evidence may be gathered through customer surveys and additional indirect evidence may be gleaned from observational studies, online media, and anecdotes.

This could not have been done sooner because we needed fact discovery to determine the relevant universe of consumers. Indeed, in his May 2, 2014 Declaration, the owner of Kati Junction, Darpan Bharara, said he selected the location because, "A majority of the stores in the Fashion District are owned, managed, and operated by and employ immigrants from India, Pakistan and Bangladesh." (Doc. 14, ¶ 6). At his March 11, 2015 deposition, however, Mr. Bharara testified that most of his customers are not from these areas; many are people who have never heard of a kati roll.

Ms. Nagampalli's letter also raises the issue of whether TKRC's recipes are publicly available. Mr. Bharara had stated in his declaration, "I assembled all of the publicly available information about kati rolls and designed the concept for Kati Junction." (Doc. 14, ¶ 16). That turned out to be false; he never assembled recipes.

Instead, his counsel has been printing out recipes from the Internet – recipes which it is not clear anyone has ever made – and asking our witnesses how the recipes differ from TKRC's recipes. It would be helpful to the trier of fact to have a chef review and/or make the recipes and compare them to TKRC's food as part of an expert report.

Accordingly, we request a cut-off date by which Defendants must complete production of recipes so we can begin the process.

### 3. Questions of Material Fact And Determining Witnesses' Credibility Are Not Appropriate for Summary Judgment

Much of Ms. Nagampalli's letter is directed to issues which are not appropriate for summary judgment. For example, she writes, "A visual comparison of the features between Kati Junction and Plaintiff's restaurant makes it apparent that there are many differences between the two restaurants and there can be no likelihood of confusion."

Trade dress is the total image of the business. *Two Pesos v. Taco Cabana*, 505 U.S. 763 (1992). It includes more than just a visual comparison of the two restaurants. The fact that Kati Junction has nearly the exact same menu as TKRC, displayed in the same way at the restaurant, sells all the same items, described in the same way and copies TKRC's flavors and textures are significant aspect of a business which is mostly geared to take-away orders. Moreover, the store design guide TKRC developed in 2007 shows many of the colors and features – which Kati Junction asserts are different – in use at TKRC years before Kati Junction opened. Whether Kati Junction is confusingly similar to customers presents numerous issues of fact which should not be decided on summary judgment.

Defendants also claim, "Plaintiff's asserted trade dress elements are not consistently used and overall look of its three locations is different and inconsistent." Assuming Defendants can point to inconsistencies among TKRC's three New York stores, that creates genuine issues of material fact such as (1) what the inconsistencies are, (2) whether they change the "total image" and (3) whether they affect "the ability of consumers to distinguish [TKRC from] competing producers." *Two Pesos* at 774.

For the trade secret claim, Defendants produced no recipes which are the same as TKRC's. If Defendants want to argue that "Plaintiff's recipes are in fact not secret because they are generically available," it will take more than comparing the recipes on paper; many of the techniques for TKRC's recipes are not written down. Someone has to explain how the recipes, or the results differ. This requires hearing testimony and making credibility determinations, which is not appropriate for summary judgment.

### 4. Defendants' Misguided Genericness Claim

Finally, Defendants seek to attack Plaintiff's incontestable trademark, THE KATI ROLL COMPANY® for "restaurant and carry-out restaurant services in Class 43." First, they tell the Court to violate the anti-dissection rule and completely disregard words in the mark. Next, they tell the Court to disregard the fact that it is registered for "restaurant and carry-out restaurant services" and instead apply part of the name to a food item – not a service – in a different class.

Even if "kati roll" is a generic term, it is of no moment. "Identification of a restaurant by the generic name of a food which is the specialty of the house is merely descriptive of the restaurant services, be it in English or in a foreign language." *In re Le Sorbet, Inc.*, 228 USPQ 27 (TTAB 1985). *Longchamps, Inc. v. Eig*, (S.D.N.Y. 1970) used the same reasoning to find STEAK & BREW protectible. It is significant that the use for restaurant services is descriptive – and not generic – because the user can show secondary meaning, making the mark registrable. That is what TKRC did in 2007 to obtain its registration. The mark is now incontestable. It was found valid by Judge Pisano in *The KatiRoll Co. v. Kati Roll & Platters, Inc.*, 2012 U.S. Dist. LEXIS 104104 (D. N.J. 2012).

If Defendants wish to bring this ill-conceived motion, it should not be done piecemeal. Plaintiff believes the proper course is to set a schedule for summary judgment briefing after expert discovery.

Respectfully submitted,

*Elizabeth Shieldkret*
Elizabeth Shieldkret

cc: Kalpana Nagampalli, Esq.
(via ECF and e-mail, Kalpana@feldman-law.com)
Stephen Feldman, Esq.
(via ECF and e-mail, SFeldman@feldman-law.com)
Nupur Shah, Esq.
(via ECF and e-mail, Nupur@feldman-law.com)